Not For Publication                    **CLOSED**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GEO-CLEANSE INTERNATIONAL, INC. | |
| | Civ. Docket No. 07-5258 (FSH) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| IN-SITU TECHNIEKEN, B.V., and ARCADIS, | January 17, 2008 |
| Defendants. | |

      This matter has come before the Court upon Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1446. This Court has based its opinion on a review of the parties' written submissions pursuant to Federal Rule of Civil Procedure 78.

      Plaintiff originally filed this case in New Jersey Superior Court, Law Division, Union County, on August 3, 2006 against Defendant In-Situ Technieken. On May 17, 2007, Geo-Cleanse filed an Amended Complaint in the state court to add "ARCADIS" as a defendant. On October 26, 2007, ARCADIS Regio filed the current Removal Petition before this Court.

      In the caption of the complaint, the named Defendant is "ARCADIS." Plaintiff effected international service on "ARCADIS, N.V." Plaintiff also delivered a copy of the summons and complaint in the state court action to a New Jersey office of an ARCADIS affiliate – "ARCADIS, U.S." During the summer, Plaintiff engaged in settlement discussions with the

attorney who also represents ARCADIS Regio here.[1]  Plaintiff maintains that it has not at this time sued ARCADIS Regio in this case.[2]

ARCADIS Regio now attempts to remove this action even though it is not a defendant herein.  It appears that ARCADIS Regio argues that it only received notice of this lawsuit in September 2007 when a courtesy copy of the Amended Complaint was forwarded by Plaintiff's counsel.  Plaintiff argues that the only ARCADIS entity which has currently been joined as a defendant here is ARCADIS, N.V., not ARCADIS Regio.  Based on the service of the Amended Complaint on ARCADIS, N.V. and based on the documents submitted, this Court finds that ARCADIS, N.V. is the defendant currently sued and that ARCADIS, N.V. never appeared nor did it timely remove the case to this Court.  A settlement discussion with another affiliate is meaningless as to the time by which ARCADIS, N.V. is required to seek removal.  It appears that the removal petition now filed by the non-party ARCADIS Regio is an attempt to circumvent the failure of Defendant ARCADIS, N.V. to timely remove.

---

[1] Plaintiff claims that Defendant's attorney originally stated that he represented "Arcadis" and "did not once state (orally or writing) that he was representing ARCADIS Regio as opposed to ARCADIS, N.V. . . . Indeed, counsel indicated in his most recent letter (dated September 17, 2007) preceding the filing of the Petition that his firm was representing "ARCADIS, N.V" and "ARCADIS, U.S., Inc." only, with no mention whatsoever of ARCADIS Regio, let alone any claim that Geo-Cleanse International, Inc. . . . had sued the wrong entity." (Pl. Reply Br. at 1.) Defendant ARCADIS Regio argues that "ARCADIS, N.V. realized that one of its affiliates appeared to be the target of a lawsuit" and that counsel contacted Plaintiffs on behalf of ARCADIS Regio and advised Plaintiff's counsel that ARCADIS Regio had not been properly served.

[2] ARCADIS, N.V., ARCADIS, U.S. and ARCADIS Regio appear to be separate entities that are affiliates of the same parent company – ARCADIS Nederland B.V. Plaintiff notes that based on the information provided by ARCADIS Regio in these motions, Plaintiff may seek to add ARCADIS Regio as an additional defendant, but insists that ARCADIS Regio has not currently been joined.

The federal removal statute provides that a "defendant or defendants" seeking to remove a state court action to federal court must file a notice of removal in federal court within thirty days after receipt by the removing defendant of the initial pleading or service of summons. 28 U.S.C. § 1446(a) and (b).  Moreover, as federal courts are courts of limited jurisdiction, removal statutes should be strictly construed.  <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990); <u>Wal-Mart Stores, Inc. v. Electric Ins. Co.</u>, No. 06-3132, 2007 WL 137238 at *3 (D.N.J. January 18, 2007).

Whether ARCADIS, N.V. is a proper defendant is, as Plaintiff points out, a matter for a motion to dismiss and/or discovery and argument on the merits, not an issue for a removal petition.  The facts of this case are that ARCADIS, N.V. was properly served in May 2007 and any removal is now untimely.  Moreover, because ARCADIS Regio is not a defendant in this suit, a removal petition by ARCADIS Regio is improper.

It is therefore, on this 17th day of January, 2008, **ORDERED** that Plaintiff's Motion for Remand is **GRANTED**.  This case is remanded to the Superior Court of New Jersey, Union County, for further proceedings.

      /s/ Faith S. Hochberg
     Hon. Faith S. Hochberg, U.S.D.J.